```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                          |   |                           |
|--------------------------|---|---------------------------|
| **DAVID YOUNG**          | ) |                           |
|                          | ) |                           |
|     **Plaintiff,**       | ) |                           |
|                          | ) |                           |
|     **v.**               | ) |                           |
|                          | ) |                           |
| **FEDERAL BUREAU**       | ) | Civil Action 11-412 (GK)  |
| **OF PRISONS, et al.**   | ) |                           |
|                          | ) |                           |
|     **Defendants.**      | ) |                           |

## MEMORANDUM OPINION

Pro se Plaintiff David Young brings this action against Defendants the Federal Bureau of Prisons ("BOP"), the United States Marshals Service ("U.S. Marshals"), and Assistant U.S. Attorney George May, alleging violations of his Fifth and Sixth Amendment rights under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).[1]

This matter is presently before the Court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(5) ("Defs. Mot.") [Dkt No.

---

[1] Plaintiff originally brought his Complaint under 42 U.S.C. § 1983, which is the state-law analogue to Bivens. The Complaint and briefing on the Motion to Dismiss make clear, however, that Plaintiff's claims sound in Bivens, and not in Section 1983. See e.g., Compl. - Facts ¶¶ 1-3. The Court will, therefore, construe Plaintiff's complaint as raising Bivens claims. See Richardson v. United States, 193 F.3d 545 (D.C. Cir. 1999)(holding that arguments contained in pro se plaintiff's opposition to motion to dismiss may be construed as amending the original complaint.).

18].[2] Upon consideration of the Motion, Opposition, Reply, and Surreply and the entire record herein, Defendants' Motion to Dismiss is **granted**.

**I. Background[3]**

In 2006, Plaintiff, who is currently incarcerated in Alabama, was indicted in the District Court for the Southern District of Alabama for conspiracy with intent to distribute marijuana as well as two other related charges. Compl. - Facts ¶ 1. In late August 2009, the U.S. Marshals arrested Plaintiff in Lawrenceburg, Tennessee and transported him to the federal courthouse in Nashville, Tennessee. Id.; Ex. D to Compl.

---

[2] Defendants also move to dismiss under Federal Rules of Civil Procedure 12(b)(4), for insufficiency of process, and 12(b)(6), for failure to state a claim. With regard to the 12(b)(4) motion, such a motion "is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Prunte v. Universal Music Group, 248 F.R.D. 335, 336 n.3 (D.D.C. 2008). Defendants do not, however, challenge the content of the summons but rather the "mode of delivery or lack of delivery of the summons and complaint," which is properly brought under Rule 12(b)(5). Id. (citation and internal quotations omitted). The Court, therefore, has no cause to consider Defendants' motion to dismiss under Rule 12(b)(4). With regard to the 12(b)(6) motion, there is no need to reach this issue as the Court shall dismiss the Complaint on other grounds.

[3] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

Upon Plaintiff's arrival in Nashville, the U.S. Marshals confiscated $156 from him and placed the funds in a register allegedly reserved for convicted felons in Des Moines, Iowa ("Des Moines Register"). Compl. - Facts ¶ 3. At this time, Plaintiff was also allegedly assigned a federal prisoner number. Id.

On September 2, 2009, a federal judge in Nashville ordered Plaintiff transferred to Alabama for arraignment. Id. ¶ 1; Ex. D to Compl. Plaintiff did not, however, immediately arrive in Alabama. Instead, he was first transferred to and held for two weeks in a privately operated prison facility under contract to BOP. Compl. - Facts ¶ 4. At this facility, Plaintiff's money was again confiscated and placed in the Des Moines Register under his federal prisoner number. Id. ¶ 4.

The U.S. Marshals then transferred Defendant to the BOP's airport facility in Oklahoma City, Oklahoma. Id. ¶ 5. There, Plaintiff was again classified as a federal prisoner and placed in "open population" with convicted inmates. Id. The U.S. Marshals subsequently transferred Plaintiff to Atlanta, Georgia, where he was held for two weeks in the same facility as convicted prisoners. Id. ¶ 6. By the time he reached Alabama, Plaintiff had been in BOP custody as a federal prisoner for a total of approximately 30 days. Id. ¶ 7.

On October 7, 2009, Plaintiff was arraigned in federal court in Mobile, Alabama. Ex. D to Compl. On January 5, 2010, Plaintiff

pled guilty to conspiracy with intent to distribute marijuana. Id. On March 22, 2011, Plaintiff filed a motion to withdraw his guilty plea, which the presiding judge denied on April 7, 2011. Id. On May 15, 2011, the judge sentenced Plaintiff to 120 months in prison. Id.

On February 23, 2011, Plaintiff filed the instant Complaint in this Court. On May 23, 2011, Defendants filed a Motion to Dismiss. On July 5, 2011, Plaintiff filed an Opposition to Defendants' Motion to Dismiss ("Pl. Opp'n") [Dkt. No. 30]. On July 25, 2011, Defendants filed a Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss [Dkt. No. 32]. On August 26, 2011, Plaintiff filed a Surreply to Defendants' Motion to Dismiss [Dkt. No. 37].

**II. Standard of Review**

Under Rule 12(b)(1), plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. See Shuler v. U.S., 531 F.3d 930, 932 (D.C. Cir. 2008). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true all of the factual allegations set forth in the Complaint; however, such allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Wilbur v. CIA, 273 F. Supp. 2d 119, 122 (D.D.C. 2003)(citations and quotations omitted). The court may rest its decision on its own resolution of the disputed facts. Id.

Under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over each defendant. Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990). In order to satisfy this burden, a plaintiff must establish the court's jurisdiction over each defendant through specific allegations in her complaint. Kopff v. Battaglia, 425 F. Supp. 2d 76, 80-81 (D.D.C. 2006). Additionally, the plaintiff cannot rely on conclusory allegations; rather, she must allege the specific facts on which personal jurisdiction is based. First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988).

Under Rule 12(b)(3), "the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citation and internal quotations omitted). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).

Under Rule 12(b)(5), "[i]f the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint . . . . Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected

service." <u>Tom Sawyer Products., Inc., v. Progressive Partners Achieving Solutions, Inc.</u>, 550 F. Supp. 2d 23, 26 (D.D.C. 2008). "Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant." <u>Id.</u>

## III. Analysis

Plaintiff raises two categories of claims against Defendants.

The first category relates to Plaintiff's "illegal imprisonment" from the time of his arrest in Lawrenceburg, Tennessee until his arrival in Mobile, Alabama. Plaintiff alleges that the BOP and U.S. Marshals violated his Fifth Amendment Rights, in contravention of <u>Bivens</u>, by failing to verify that Plaintiff was not a convicted and sentenced prisoner, by mistakenly treating him as a convicted prisoner, and by placing Plaintiff "into a hostile environment under threat of physical and mental harm." Compl. - Allegations ¶¶ 1-2. Plaintiff alleges that Defendant May, the prosecutor in his case, also violated his Fifth Amendment rights by falsely representing to the U.S. Marshals that Plaintiff was a convicted criminal and by subsequently concealing his actions. <u>Id.</u> ¶ 3.

The second category relates to Plaintiff's current conviction. Plaintiff alleges that Defendant May violated Plaintiff's Sixth Amendment rights by using the "powers of his office" to coerce Plaintiff to plead guilty, and by failing to notify Plaintiff and

the Court of his involvement in the related, but separate prosecution of Tammy Forbes Young. Id. ¶ 3. Ms. Young had allegedly made adverse statements against Plaintiff during the course of her indictment and trial. Id.

Defendants raise the following challenges to these allegations.

A.  **Claims Relating to Plaintiff's Pre-Conviction Detention**

1. Defendants argue that Plaintiff's Bivens claims against BOP and the U.S. Marshals must be dismissed, pursuant to Rule 12(b)(1), because the Government is immune from suit.[4] Defs. Mot. 10-11. It is well-established that the U.S. Government enjoys immunity from prosecution, unless it has expressly waived it. U.S. v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349 (1980). As the Supreme Court has held, the U.S. Government has not expressly waived its sovereign immunity for suits brought under Bivens. FDIC v. Meyer, 510 U.S. 471, 484, 114 S. Ct. 996 (1994). The Court, therefore, lacks subject matter jurisdiction to hear Plaintiff's Bivens claims against the BOP and the U.S. Marshals.

---

[4] Defendants also argue that, to the extent Plaintiff raises common law tort claims, these claims fail as Plaintiff has not exhausted his administrative remedies, as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. Defs. Mot. 8-10. Under the FTCA, a plaintiff must first exhaust her administrative remedies before bringing a common law tort action against the U.S. Government. 28 U.S.C. § 2675. In his Opposition, Plaintiff states that he has not brought his Complaint pursuant to the FTCA. Pl. Opp'n 5. Nevertheless, even if Plaintiff had raised an FTCA claim, this claim would fail as Plaintiff's Complaint does not allege the necessary exhaustion of administrative remedies.

2. As Defendants correctly point out, Plaintiff has not indicated whether he is suing Defendant May in his official or individual capacity. Defs. Mot. 3. Defendants argue, however, that under either scenario Plaintiff's claims against Defendant May must be dismissed. Id. at 11.

To the extent that Defendant May is being sued in his official capacity, Defendants argue that these claims must be dismissed, pursuant to Rule 12(b)(1), because Defendant May is protected by the United States' sovereign immunity. Defs. Mot. 10-11. Our case law establishes that "[o]fficial capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985) (citation and internal quotations omitted). For this reason, suits brought against members of the Government in their official capacities are barred by sovereign immunity. Perkins v. Ashcroft, 275 F. App'x 17 (D.C. Cir. 2008). Accordingly, this Court lacks subject matter jurisdiction to hear Plaintiff's Bivens claims against Defendant May in his official capacity.

To the extent that Defendant May is being sued in his individual capacity, Defendants argue that these claims should be dismissed, pursuant to 12(b)(2) and 12(b)(5), because Defendant May has not been properly served. Defs. Mot. 11-13. Government officials sued in their individual capacities must be served

pursuant to Federal Rule of Civil Procedure 4(e). <u>Simpkins v. District of Columbia Government</u>, 108 F.3d 366, 369 (D.C. Cir. 1997). In relevant part, Rule 4(e) requires that the defendant be personally served with the summons and complaint or that they be left at defendant's home with a resident of the appropriate age. The Attorney General and the United States Attorney must also be served. F̲ED̲. R. C̲IV̲. P. 4(i)(3).

In this case, Plaintiff served Defendant May at his place of business. <u>See</u> Return of Service Affidavit as to George May [Dkt. No. 14]. Because service of process was improper, the Court lacks personal jurisdiction over Defendant May in his individual capacity.

3. Defendants argue that Plaintiff's individual capacity claims against Defendant May must also be dismissed, under Rule 12(b)(3), as venue in the District of Columbia is improper. Defs. Mot. 14. In relevant part, 28 U.S.C. § 1391(b) provides that venue is proper in the judicial district where defendant resides or where a substantial part of the events giving rise to the claim occurred. Defendant May does not reside in Washington D.C. and Plaintiff's allegations do not suggest that a substantial part of the events giving rise to his claims occurred in D.C. Consequently, the District of Columbia is an improper venue for Plaintiff's claims against Defendant May in his individual capacity.

**B. Claims Relating to Plaintiff's Conviction**

4. Defendants argue that, to the extent Plaintiff challenges his current conviction and incarceration, this claim must be dismissed, under Rule 12(b)(1), because it should have been brought under the federal habeas corpus statute, 28 U.S.C. § 2241. Defs.' Mot. 6. It is firmly established that "[p]risoners challenging the lawfulness of their custody are to proceed by means of habeas." Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988). Furthermore, jurisdiction to hear a habeas corpus claim lies only in the judicial district where the prisoner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 442, 124 S. Ct. 2711 (2004). Plaintiff's claim regarding his conviction and sentence clearly sound in habeas corpus since he seeks to overturn his conviction and obtain his freedom. Consequently, the Court lacks subject matter jurisdiction over this claim, which must be brought in the judicial district in Alabama where Plaintiff is currently incarcerated.

**IV. Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**. An Order will accompany this Memorandum Opinion.

November 21, 2011                     /s/
                                      Gladys Kessler
                                      United States District Judge