IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID M. YOUNG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 13-0091-WS-M** |
| | ) |
| **GEORGE MAY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on the following motions filed by *pro se* plaintiff, David M. Young: Motion for Default (doc. 114), Motion for Joinder of Party as Defendant (doc. 115), and Motion for Issuance of Subpoena (doc. 116).

With respect to the Motion for Default, Young requests that a default be entered against the lone remaining defendant, Joe Carl Jordan, for failing to serve a copy of his Brief in Support of Motion to Dismiss (doc. 111) on plaintiff as required by Rule 5(a), Fed.R.Civ.P.  The Certificate of Service appended to Jordan's Brief contains defendant's certification that Young was served with a copy of said filing via "U.S. Efile."  (Doc. 111, at 3.)  Such certification is in error, because this District Court's electronic filing system does not transmit electronic notice of filings to *pro se* prisoners; rather, it remains incumbent on the filer to serve those filings on the *pro se* party via U.S. Mail, personal delivery, or the like.  *See* Rule 5(b)(2), Fed.R.Civ.P.; *Administrative Procedure for Filing, Signing, and Verifying Documents by Electronic Means in the United States District Court for the Southern District of Alabama*, § II.B.3. ("A party who is not a registered participant of the System is entitled to a paper copy of any electronically filed pleading, document, or order.  The filing party must therefore provide the non-registered party with the pleading, document, or order according to the Federal Rules of Civil Procedure.").

To remedy this oversight, defendant Jordan is **ordered**, on or before **June 13, 2013**, to file an Amended Certificate of Service reflecting that he has served Young with a copy of the Brief via a proper method, and the date of same.  Jordan is further **ordered** to implement

appropriate measures to ensure that Young is properly served with paper copies of any and all future filings Jordan may make in this matter, in accordance with the foregoing rules.  Because Young has not received a copy of the Brief and cannot meaningfully respond to the Motion to Dismiss until he does, the briefing schedule fixed via Order (doc. 112) entered on May 24, 2013 is **amended** as follows:  Any party opposing Jordan's Motion to Dismiss must file a response, supported by legal authority as appropriate, on or before **June 28, 2013**.  Movant will be allowed until **July 5, 2013** to file a reply, at which time the Motion to Dismiss will be taken under submission.

Notwithstanding the foregoing, the Court cannot agree with plaintiff's characterization of defendant's oversight with respect to the Certificate of Service as being tantamount to an "intentional violation of Rule 5 & this courts order" (doc. 114, at 2).  Defendant's transgression is certainly not the sort of willful flouting of court orders and procedural rules that might warrant imposition of the extremely harsh, draconian sanction of default; therefore, plaintiff's Motion for Default (doc. 114) is **denied**.

Plaintiff has also filed a Motion for Joinder of Party as Defendant (doc. 115), in which he requests leave to join as a party defendant the "Unknown U.S. Marshall *[sic]*" who "took it upon himself to include in the warrant of arrest a prior, exhausted prison number related to Plaintiff." (Doc. 117, at 2.)  Fictitious-party pleading is generally prohibited in federal court.  *See, e.g., Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."); *Thomas v. Allred*, 2012 WL 5379179, *4 (N.D. Ala. Oct. 26, 2012) ("Thomas's claims against the 'unknown prosecutor' are also **DISMISSED** because fictitious-party pleading is not permitted in federal court.") (citation and internal quotation marks omitted).  Nor has plaintiff provided any descriptor of this "Unknown U.S. Marshall *[sic]*" that might facilitate service of process on that individual or enable his or her identity to be revealed via the discovery process.  Indeed, plaintiff's own statement of "Allegations" that he intends to assert against this new fictitious defendant identifies no factual basis whatsoever for his assumption that a U.S. Marshal (or any employee of same) was

responsible for writing the challenged information on the subject warrant.  The Motion for Joinder of Party as Defendant (doc. 115) is therefore **DENIED**.[1]

Plaintiff's Motion for Issuance of Subpoena (doc. 116) seeks issuance of a Subpoena directed to "Unknown U.S. Marshall [*sic*]" to identify his or her name, submit to a handwriting analysis and deposition, and so on.  Service of a subpoena on a fictitious person is impossible, where (as here) plaintiff has not provided sufficient description or identification of that person, or indeed any reason to believe that the person whom he wishes to sue is (or was) a U.S. Marshal or an employee of same.  The Motion for Issuance of Subpoena is **DENIED**.

DONE and ORDERED this 10th day of June, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]     Aside from the fictitious defendant problem, there are obvious infirmities in plaintiff's suggestion that his Fifth Amendment rights were violated by this unidentified defendant's act of recording an accurate, correct federal register number in the margins of an arrest warrant.  As this Court observed in its May 22 Order (doc. 110), "The register number written on the arrest warrant was not fraudulent.  It was, instead, the register number that the BOP assigned to Young in serving his 1990 federal sentence, and is the same number that Young admits the BOP assigns to him today.  Thus, the register number was an accurate, correct identifier for Young.  Contrary to plaintiff's theory, inclusion of that register number on the arrest warrant was not a representation … that Young was then serving a federal or state sentence, supervision, probation or parole.  It says nothing of the sort, and supports no such reasonable inference." (Doc. 110, at 10 n.11.)  Thus, any attempt by Young to amend the Complaint to join a defendant on this theory would fail on futility grounds because plaintiff has not stated a cognizable Fifth Amendment claim against anyone based on the mere recital of an accurate numerical BOP identifier for him in the subject arrest warrant.  Furthermore, any attempt by plaintiff to join a new individual defendant now is obviously futile because of the glaring limitations defect inherent in bringing a *Bivens* claim against a new defendant in June 2013 for a wrong that allegedly occurred in August 2009.  *See generally Dennis v. U.S. Dep't of Justice*, 2007 WL 1053505, *2 (11th Cir. Apr. 10, 2007) ("A *Bivens* action is subject to the same statute of limitations that would apply to a complaint brought pursuant to § 1983. … In Alabama, the residual personal injury limitation period is two years.") (citations omitted).  The futility of the proposed joinder stands as a separate, independent reason for denying plaintiff's request to join "Unknown U.S. Marshall *[sic]*" as a party defendant.