IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID M. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0091-WS-M |
| | ) |
| GEORGE MAY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff David M. Young's Motion to Proceed *In Forma Pauperis* (doc. 125).

On May 22, 2013, the undersigned entered an Order (doc. 110) dismissing plaintiff's *Bivens* claims against defendant George May, an Assistant U.S. Attorney in the Southern District of Alabama sued in his individual capacity.  The May 22 Order concluded that Young's claims against May failed to state a claim on which relief could be granted because (a) May was performing an advocate function for which he was entitled to absolute prosecutorial immunity, and (b) even if he was not, May would still be entitled to qualified immunity on Young's claims because May was performing a discretionary function and was not accused of conduct that would violate clearly established statutory or constitutional rights.

On June 10, 2013, the undersigned entered another Order (doc. 119) denying plaintiff's Motion for Default of defendant Joe Carl Jordan, on the grounds that Jordan's failure to include a proper Certificate of Service with his memorandum of law supporting his Rule 12(b) Motion is not the sort of transgression that warrants the harsh sanction of default.  The June 10 Order further denied plaintiff's Motion for Joinder, in which he sought to name as a new party defendant something called "Unknown U.S. Marshall [*sic*]."  The June 10 Order explained that such joinder fails because fictitious-party pleading is generally prohibited in federal court, Young's proposed claim against that fictitious defendant failed to state a viable Fifth Amendment claim against anyone, and this claim would appear obviously untimely on its face.

Finally, the June 10 Order denied plaintiff's Motion for Issuance of Subpoena on the aforementioned "Unknown U.S. Marshall [*sic*]" as functionally impossible and legally baseless.

Young has filed Notices of Appeal (docs. 113 & 122) from both the May 22 Order and the June 10 Order.  Both aspects of this appeal are frivolous.  Not only are the legal issues that Young seeks to litigate on appeal devoid of merit, but he is also bringing a procedurally improper interlocutory appeal.  *See, e.g., Wajnstat v. Oceania Cruises, Inc.*, 684 F.3d 1153, 1155 (11th Cir. 2012) ("We are generally precluded from hearing interlocutory appeals under the final judgment rule."); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1290 (11th Cir. 2010) (ordinarily, "the general congressional policy against piecemeal review will preclude interlocutory appeal") (citations omitted).  His action remains active and ongoing against defendant Joe Carl Jordan today.  No final judgment has been entered pursuant to Rule 54(b), Fed.R.Civ.P., as to any claim or any party.  This Court has not been asked to certify this or any part of the case for interlocutory appeal under 28 U.S.C. § 1292(b) or Rule 54(b), and is of the opinion that such certification would be inappropriate and unwarranted here, in any event.  *See OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (recognizing that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals," and that "[m]ost interlocutory orders do not meet this test").

Accompanying Young's Notices of Appeal is a Motion to Proceed *In Forma Pauperis*, through which he requests leave to proceed on appeal without prepayment of fees and costs.  Even if a petitioner is economically eligible, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  An appeal is not taken in good faith if it is plainly frivolous.  *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally*

*Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).  For both the merits-based and procedural reasons addressed *supra*, the undersigned concludes that Young's appeal is frivolous.  Accordingly, the Court hereby **certifies** that this appeal is not taken in good faith; therefore, Young cannot appeal *in forma pauperis*, and his Motion to Proceed *In Forma Pauperis* (doc. 125) on appeal is **denied**.

Pursuant to 28 U.S.C. § 1915 (as amended by the Prison Litigation Reform Act), the Court has reviewed the prisoner's inmate account statement for the most recent six-month period. That inmate account statement reflects average monthly deposits to Young's account of $60.38 for the 6-month period immediately preceding the filing of the Notice of Appeal.  The Court has also reviewed Young's signed Prisoner Consent Form on Appeal (doc. 124) dated June 17, 2013, wherein he expressly authorizes payment of the required $455.00 appellate filing fee from his inmate account in periodic installments in accordance with 28 U.S.C. § 1915(b) until the full filing fee is paid.  Based on Young's account statement, the Court imposes an initial partial filing fee of **$12.07**, which is 20% of the average monthly deposits in his account for the six-month period immediately preceding the filing of the notices of appeal.  *See* 28 U.S.C. § 1915(b)(1)(A).  Pursuant to 28 U.S.C. § 1915(b)(2), the Court **directs** the Federal Bureau of Prisons or its designee every month to withdraw twenty percent of the preceding month's income credited to the prisoner's inmate account and to remit that amount to the District Court Clerk each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid in full.  These payments shall identify plaintiff's name and the case number assigned to this action, and shall be paid by check made payable to "Clerk, U.S. District Court."

The Clerk's Office is **directed** to send a copy of this Order to the Federal Bureau of Prisons and to the business manager of the institution where plaintiff is incarcerated.

DONE and ORDERED this 25th day of June, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE